IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

EDDIE L. PRIEST,

    Plaintiff

vs.

SEALIFT SERVICES
INTERNATIONAL, INC., et al.,

    Defendants

CIVIL ACTION NO.

CV 96-AR-3259-M

## ORDER OF REMAND

In accordance with the accompanying memorandum opinion, this court finds that the above-entitled case was removed improvidently and that this court is without jurisdiction. It is therefore ORDERED, ADJUDGED and DECREED, pursuant to 28 U.S.C. § 1447(c), that plaintiff's motion to remand is GRANTED, and this case is hereby REMANDED to the Circuit Court of Marshall County, Alabama, from whence it was removed. The Clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court of Marshall County, Alabama, together with a copy of all pleadings and orders filed after the removal.

Costs are taxed against the removing parties.

DONE this 21st day of January, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

EDDIE L. PRIEST,

    Plaintiff

vs.

SEALIFT SERVICES
INTERNATIONAL, INC., et al.,

    Defendants

CIVIL ACTION NO.

CV 96-AR-3259-M

FILED
97 JAN 21 PM 3:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 21 1997

**MEMORANDUM OPINION**

    The court has for consideration a motion by plaintiff, Eddie L. Priest, to remand the above-entitled action to the Circuit Court of Marshall County, Alabama, from which it was removed on diversity grounds by three out of the four original defendants. The non-joining defendant, Faithway Feed Company, Inc., is plaintiff's employer named in the first count of the original complaint as an entity allegedly liable for workers' compensation benefits. This claim against the employer was not only non-removable pursuant to 28 U.S.C. § 1445(c), but the employer is an Alabama citizen as is plaintiff.

    The removal occurred after the state court, on motion of Faithway, severed the workers' compensation count from the tort count. The removing defendants, who are the subject of a claim of negligence that allegedly caused plaintiff's injuries, have erroneously assumed that the inhibition against removability contained in 28 U.S.C. § 1445(c), and the absence of complete diversity, both first disappeared with the order of severance and

1

suddenly created a basis for removability and a window of opportunity to remove.

The removing defendants are faced with several insurmountable jurisdictional hurdles. First, despite the severance, this was, at the time of the removal, still one case. Ordinarily, entire cases are removed and not parts of cases. Either (1) the entire case was removed, or (2) none of it was removed, or (3) the removal of a part of it was untimely. If to be effectual it was necessary to remove the entire case, it follows that the employer must have joined in the removal. The employer has not done so because of the obvious limitations imposed by 28 U.S.C. § 1445(c). Second, the severance was not plaintiffs' voluntary act. A case does not suddenly become removable after having been non-removable unless and except by some <u>voluntary</u> act of plaintiff. This court understands that some Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials. This state court's act of severance may well present a legitimate issue for possible appeal by plaintiff within Alabama's system for judicial review. This court, if removal were allowed, cannot provide an adequate means of reviewing the adverse ruling on this issue. Third, the employer here has a potential subrogation claim against the third-party tortfeasors <u>if</u> they are liable to plaintiff <u>and if</u> the employer is also liable to

2

plaintiff. If this court should take jurisdiction only of the negligence claim and if plaintiff should prevail here before his workers' compensation claim is concluded in the state court, plaintiff theoretically could spend the proceeds of his tort recovery without his employer ever having an opportunity to stick its hand out. To allow partial removal would make it more than possible for plaintiff to obtain duplicative recoveries. Last, if it was improper for plaintiff to name his employer as a party-defendant in the first instance, the employer-defendant could have been ignored by the other defendants just like a fictitious or fraudulently joined non-diverse party, and the 30-day period for removal began to run when the first diverse defendant was served. That theoretical 30 days expired before this removal, a fact that would make the removal untimely.

For the foregoing separate and several reasons, plaintiff's motion to remand will be granted by separate order.

DONE this 21st day of January, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE